

**IT IS ORDERED as set forth below:**

Date: August 12, 2021

_____
**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| | : | Case No. 19-66217-pwb |
| **CLAIRE DEES,** | : | |
| Debtor. | : | Chapter 13 |
| | : | |
| **NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING**, as Servicer for The Bank of New York Mellon f/k/a The Bank of New York as Trustee for The CWALT, Inc., Alternative Loan Trust 2005-51, Mortgage Pass Through Certificates, Series 2005-51, | : | |
| Movant, | : | |
| vs. | : | **CONTESTED MATTER** |
| **CLAIRE DEES and MARK H. DEES,** | : | |
| Respondents. | : | |

**ORDER ON REMAND GRANTING MOTION FOR PROSPECTIVE
RELIEF FROM STAY PURSUANT TO 11 U.S.C. § 362(d)(4)**

Movant seeks so-called "in rem" relief from the automatic stay under 11 U.S.C. § 362(d)(4) with regard to residential real property in Gwinnett County, Georgia. Movant contends that it is the servicer of a loan secured by a deed to secure debt on the residence.

The District Court remanded this Court's order granting such relief for a determination of whether Movant has standing to seek it. For reasons set forth below, the Court concludes that it does.

## I. Background and Prior Proceedings

This is the twelfth chapter 13 bankruptcy case that the debtor, Claire Dees, or her husband, Mark H. Dees, have filed since June 4, 2012, in addition to one chapter 7 case that each filed. The chapter 7 cases resulted in discharge. All of the previous chapter 13 cases were dismissed prior to confirmation; neither of the debtors filed a plan in any of them.[1]

Although the previous 13 cases were filed in this District, Ms. Dees filed this case on May 23, 2019, in the Northern District of Florida. On October 4, 2019, that Court transferred the case to this District, noting that Ms. Dees and her husband were "engaged in an obvious attempt at forum shopping" and that they had "no ties to Florida other than visiting occasionally."[2]

After a hearing, this Court on November 12, 2019, dismissed this case for failure to file all documents required by 11 U.S.C. § 521.[3] The Court retained jurisdiction[4] to hear and determine the "Motion for Prospective Relief From Automatic Stay" filed by Movant. [Doc. No. 24].

---

[1] Supplemental Order: Findings of Fact and Conclusions of Law in Support of *Order Transferring Venue* (October 4, 2019) [Doc. 122] at 2-7.
[2] *Id.* at 15-16.
[3] Order of Dismissal and Order and Notice of Evidentiary Hearing (November 12, 2019) [Doc. No. 144].
[4] *Id.* at 2.

2

Movant is NewRez LLC d/b/a Shellpoint Mortgage Servicing as Servicer for the Bank of New York Mellon f/k/a The Bank of New York ("BONY") as Trustee For the CWALT Inc. Alternative Loan Trust 2005-51, Mortgage Pass Through Certificates, Series 2005-51 ("NewRez"). NewRez claims to be the servicer of a note secured by a deed to secure debt on residential real property in Gwinnett County, Georgia, known generally as 5167 Belmore Court, Suwanee, Georgia 30024 (the "Property") that it claims BONY holds.

Ms. Dees and Mr. Dees assert various theories disputing the validity and enforceability of the note and security deed and NewRez's standing to enforce them. Perhaps as a result of the multiple bankruptcy filings, the proof of claim states that, as of the date of the filing of the petition, the amount due was $ 1,115,587.83 and the amount necessary to cure prepetition defaults was $ 554,445.20.[5]

The Court conducted an evidentiary hearing on November 20, 2019, to permit Ms. Dees and Mr. Dees the opportunity to present evidence to rebut the factual findings concerning their prior bankruptcy cases as set forth in the Order of the Northern District of Florida transferring the case to this District. At the hearing, this Court determined that NewRez had standing to seek relief from the stay and that it was entitled to prospective relief from the automatic stay in future bankruptcy cases pursuant to 11 U.S.C. § 362(d)(4).[6] The Court entered a written order granting the requested relief for reasons announced on the record.[7]

---

[5] Proof of Claim 3-1 (August 1, 2019). The payment history attached to the proof of claim shows that no payment has been made since December 1, 2009. Ms. Dees and Mr. Dees at the hearing on June 9, 2021, did not answer the Court's question about when they made the last payment on a mortgage on the Property.
[6] Transcript of Evidentiary Hearing (November 20, 2019) at 26, 37-43.
[7] Order Granting Motion for Prospective Relief With Finding Pursuant to 11 U.S.C. § 362(d)(4) (December 5, 2019) [Doc. No. 154].

## II. Appeal and Remand

On appeal, the District Court agreed with this Court's conclusion that the multiple bankruptcy filings evidenced an intent to hinder and delay foreclosure and that relief under § 362(d)(4) was appropriate.[8]  The District Court reversed and remanded, however, on the issue of standing.[9]

The District Court explained that "[a]llegations determine whether a party has standing" but that NewRez's identification of itself as the servicer for the debt was not enough.[10]  The District Court noted that this single conclusory allegation was unsupported by any documentary evidence; although NewRez had alleged in its motion that a copy of the servicing agreement was attached to its motion, it was not.[11]  Without the attachments, the District Court reasoned, "the single allegation fails to show that [NewRez] has a legal interest in the property as either a representative of the secured creditor or the servicer of the loan."[12]

The District Court, therefore, reversed and remanded, instructing as follows:[13]

> Because [NewRez] has not shown standing, the Court finds that the Georgia Bankruptcy Court erred in granting relief from the stay.  On remand, [NewRez] need only show that it is a representative of the Bank of New York Mellon or the loan servicer – nothing more.

---

[8] *Dees v. NewRez LLC d/b/a Shellpoint Mortgaging Servicing As Servicer for the Bank of New York Mellon f/k/a The Bank of New York as Trustee for the CWALT, Inc., Alternative Loan Trust 2005-51 Mortgage Pass Through Certificates, Series 2005-51,* Civ. No. 1:19-CV-05543-JPB (March 3, 2021) at 5-6 [D.Ct. Doc. No. 20; Bankr. Ct. Doc. No. 166], 2021 WL 805971 at * 2 (N.D. Ga. 2021).
[9] *Id.* at 7-9, 2021 WL at * 3-4.
[10] *Id*. at 8, 2021 WL at * 3.
[11] *Id.*
[12] *Id.*
[13] *Id.* at 8-9, 2021 WL 805971 at *3-4 (citations omitted).  The District Court cited *Baker v. Bank of America, N.A.,* 837 Fed. Appx. 754, 759-60 (11th Cir. 2020), and *In re Basson,* 713 Fed. Appx. 987, 988 (11th Cir. 2018).

[NewRez] need not show that the mortgage is valid or that the assignment was supported by consideration.

### III.  Proceedings After Remand and Filing of Affidavits and Documents to Support Standing

After remand, this Court entered an Order requiring NewRez to file documentation necessary to establish standing and scheduled a telephonic hearing (due to Covid-19 considerations) on the issue of standing.[14]

NewRez filed a Status Report that attached copies of the loan documents and a "welcome letter" sent to Mr. Dees (the borrower shown in the note) when it began servicing it.[15]  The Status Report proffered a limited power of attorney granting Shellpoint Mortgage Servicing the authority to service the loan, a Pooling and Servicing Agreement, and a portfolio data sheet, but these documents were not attached.  Instead, NewRez filed a motion to file these documents under seal.[16]  The motion stated that the documents had been provided to Ms. Dees.[17]

At the telephonic hearing, the Court heard argument from the parties on NewRez's motion to file documents under seal.  The Court postponed consideration of all matters and scheduled a video hearing via WebEx for June 9, 2021, at which time the Court would also consider the motion to file the documents under seal.[18]  The Court directed NewRez to file its documents and email them to Ms. Dees.

 On June 3, 2021, NewRez withdrew its motion to file documents under seal.  [Doc. No. 178].  Instead, it filed a "Supplemental Affidavit In Support of Motion for Prospective Relief."

---

[14] Order and Notice (March 24, 2021) [Doc. No. 167].
[15] Status Report for Hearing to Make a Finding as to Status of Secured Creditor (April 23, 2021) [Doc. No. 169].
[16] Motion to File Documents Under Seal (May 14, 2021) [Doc. No. 171].
[17] *Id.* at 4, ¶ 4.
[18] Order and Notice of Continued Hearing (May 24, 2021) [Doc. No. 175].

[Doc. No. 177]. Attached to the affidavit are documents that NewRez relies on to support its standing allegation.

The affidavit is from Daniella Banks. Ms. Banks states that she is the Bankruptcy Department Manager for NewRez LLC d/b/a Shellpoint Mortgage Services and that NewRez services the loan at issue here on behalf of the investor, referred to as "BONY". Attached to the affidavit are copies of the following documents from NewRez's business records, maintained in connection with its servicing of loans for BONY: (1) Adjustable Rate Note [Doc. No. 177 at 4]; (2) Security Deed [*Id.* at 10]; (3) Assignment of Deed to the investor [*Id.* at 32]; and (4) Limited Power of Attorney [*Id.* at 33].

The Adjustable Rate Note, executed in favor of America's Wholesale Lender by Mr. Dees on September 7, 2005, is endorsed in blank, meaning that it is "bearer paper" that the holder is entitled to collect. The Security Deed is in favor of Mortgage Electronic Registration Systems, Inc., ("MERS") with America's Wholesale Lender named as the "Lender." The Assignment shows that MERS assigned the Security Deed to BONY and that it was recorded on October 5, 2011.

The Limited Power of Attorney, executed by Bank of America ("BOA"), appoints New Penn Financial, LLC, dba Shellpoint Mortgage Company ("New Penn") as its attorney-in-fact in connection with the August 3, 2015, sale by BOA to New Penn of servicing rights to certain mortgage loans. Documentation accompanying the Limited Power of Attorney establishes that NewRez is the successor by name change to New Penn.

The affidavit of Ms. Banks states that the Limited Power of Attorney appointed NewRez "with valid appointment as lawful attorneys-in-fact and agents for the investor BONY

6

(previously Bank of America)[19]" and that "[t]his document provides [NewRez] the authority to service loans for the listed investor," an apparent reference to BONY. [Doc. 177 at 3, ¶ 8].

The parties have not addressed the question of how NewRez could acquire servicing rights through a limited power of attorney that the investor, BONY, did not execute. The Limited Power of Attorney recites that Bank of America had the servicing rights to BONY loans and that Bank of America sold those servicing rights to NewRez (formerly New Penn). The Limited Power of Attorney authorizes NewRez to exercise the servicing rights that BOA had and that it sold to NewRez. The Court concludes, therefore, that the Limited Power of Attorney authorizes NewRez to service loans held by BONY, including this one.

The Court conducted the WebEx hearing on June 9, 2021. Ms. Banks's testimony at the hearing was consistent with her statements in her affidavit. Ms. Dees and Mr. Dees objected to Ms. Banks's testimony, her affidavit, and the documents attached to it, on various grounds, which Part IV(B) discusses.

## IV. Discussion

**A. Sufficient Documents Support New Rez's Standing**

The District Court's ruling in this matter is clear. The District Court stated, "Allegations determine whether a party has standing," but "a single conclusory allegation . . .unsupported by any documentary evidence" is insufficient to establish it.[20]

---

[19] The Court interprets this statement to mean that Bank of America was the previous servicer, not that BONY was previously Bank of America.

[20] *Dees v.  LLC d/b/a Shellpoint Mortgaging Servicing As Servicer for the Bank of New York Mellon f/k/a The Bank of New York as Trustee for the CWALT, Inc., Alternative Loan Trust 2005-51 Mortgage Pass Through Certificates, Series 2005-51,* Civ. No. 1:19-CV-05543-JPB (March 3, 2021) at 8 [D. Ct. Doc. No. 20; Bankr. Ct. Doc. No. 166], 2021 WL 805971 at * 3 (N.D. Ga. 2021).

Thus, the issue now before the Court is whether NewRez has produced sufficient documentation to support its allegation that it is the servicer for a loan secured by the Property. If it has, then it has standing because it has an interest in being able to seek to enforce its rights – even if disputed –unrestricted by the automatic stay in future cases involving the Property.

NewRez alleges that it is the servicer for the loan. It has supported that allegation with documentation that, as earlier text explains, shows that it is the servicer. Because NewRez has produced sufficient documentation, it is a party in interest with standing to seek relief under § 362(d).

Ms. Banks's testimony at the hearing removes any doubt about NewRez's standing. Her testimony was credible and fully consistent with the facts stated in her Affidavit. Moreover, it was clear from her testimony that she had access to detailed records and documents that NewRez regularly maintains in the course of its business relating to this loan. No plausible theory supports the proposition that her employer, NewRez, does not have the right to service this loan. At a minimum, her testimony meets the far less rigorous standard that NewRez have a "colorable claim" to be entitled to enforce the note and security deed, which is all that is required for a party to obtain relief under § 362(d).

The legal concept of "colorable claim" is widely recognized in bankruptcy courts. In *In re Vitreous Steel Prods. Co.*, 911 F.2d 1223 (7th Cir. 1990), the Seventh Circuit held that a decision to lift the automatic stay pursuant to § 362(d) does not preclude the prosecution of a claim for a preferential transfer under § 547 in an adversary complaint. *Vitreous Steel*, 911 F.2d at 1234. The court reasoned that the possible avoidability of a transfer to a creditor under § 547 is not an issue at a hearing on a motion for relief from stay and that the court should seek only to

8

determine whether the party seeking relief has a "colorable claim of a lien on property of the estate." *Id.*

In *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 33 (1st Cir. 1994), the First Circuit, adopting the holding and reasoning of *Vitreous Steel*, concluded that a hearing on a motion for relief from stay is a "summary proceeding of limited effect." The First Circuit explained, 42 F.3d at 33-34:

> The statutory and procedural schemes, the legislative history, and the case law all direct that the hearing on a motion to lift the stay is not a proceeding for determining the merits of the underlying substantive claims, defenses, or counterclaims. Rather, it is analogous to a preliminary injunction hearing, requiring a speedy and necessarily cursory determination of the reasonable likelihood that a creditor has a legitimate claim or lien as to a debtor's property. If a court finds that likelihood to exist, this is not a determination of the validity of those claims, but merely a grant of permission from the court allowing that creditor to litigate its substantive claims elsewhere without violating the automatic stay.

Numerous bankruptcy courts have adopted the *Grella* standard. *See Strickland v. Wells Fargo Bank*, 2014 WL 7003772 (M.D. Ga. 2014) (*quoting Grella*, 42 F.3d at 32) ("As a matter of law, the only issue properly and necessarily before a bankruptcy court during relief from stay proceedings is whether the movant creditor has a colorable claim; thus the decision to lift the stay is not an adjudication of the validity or avoidability of the claim, but only a determination that the creditor's claim is sufficiently plausible to allow its prosecution elsewhere."); *In re HRN Group, LLC*, 2020 WL 426048 (Bankr. N.D. Ga. 2020) (Hagenau, C.J.); *In re Beaumont*, 548

B.R. 437 (Bankr. D.S.C. 2016); *In re Rinaldi*, 487 B.R. 516 (Bankr. E.D. Wis. 2013); *In re Ebersole*, 440 B.R. 690 (Bankr. W.D. Va. 2010); *In re Ohuche*, 2013 WL 937571 (Bankr. N.D. Ga. 2013) (Sacca, J.) (observing that courts in the Northern District of Georgia have followed *Grella*) (citations omitted).

The Court concludes that Ms. Bank's testimony, coupled with the documents produced in connection with the evidentiary hearing, establish that NewRez has a colorable claim to enforce the note and security deed for purposes of obtaining relief under 11 U.S.C. § 362(d). Ms. Dees and Mr. Dees offered no credible basis for a contrary conclusion.

Because the Court has determined that NewRez has standing to seek relief under § 362(d)(4), the Court will grant the requested relief in accordance with its earlier ruling and the District Court's ruling that this Court "rightfully concluded that [Ms. Dees'] purpose for repeatedly filing bankruptcy was not to seriously pursue bankruptcy but to simply hinder and delay foreclosure."[21]

**B. Admissible Evidence Is Not Required to Establish Standing for Stay Relief**

Ms. Dees and Mr. Dees on various grounds challenge the authenticity, validity, and enforceability of the documents attached to Ms. Banks's affidavit. They contend that the documents and her testimony are not admissible under the Federal Rules of Evidence (the "Evidence Rules").[22] The Court need not resolve them because admissible evidence is not necessary to enable the Court to resolve the preliminary, procedural issue of New Rez's standing.

The Evidence Rules apply in bankruptcy proceedings. Fed. R. Bankr. P. 9017; Fed. R. Evid. 1101(a), (b). But their applicability does not mean that a party seeking relief from the

---

[21] *Id.* at 6, 2021 WL 805971 at * 2.
[22] Doc. Nos. 179, 180, 181, 182, 183, 184. Ms. Dees and Mr. Dees presented their arguments at the June 9, 2021, hearing.

automatic stay must produce admissible evidence to support the allegation that it has standing to do so.

When stay litigation requires resolution of disputed facts to determine whether grounds for stay relief exist, the Evidence Rules apply. Thus, if a party seeks relief from the stay for cause (such as lack of adequate protection) under § 362(d)(1), or because the debtor has no equity in property and it is not necessary to an effective reorganization, § 362(d)(2), a bankruptcy court necessarily resolves any factual disputes about those issues based on evidence admissible under the Evidence Rules. Similarly, the Evidence Rules apply to the determination of whether "a scheme to delay, hinder, or defraud creditors" existed that provides grounds for *in rem* stay relief under § 362(d)(4).

The *grounds* for *in rem* stay relief are no longer an issue in this proceeding. This Court made that determination in its earlier order, and the District Court agreed with it.

The only question now before the Court is whether NewRez has documentation that supports its allegation that it is the servicer of the loan.

This issue is not an evidentiary one that demands admissible evidence for its determination. Importantly, the question here is not the final one of whether NewRez is the servicer; rather, the issue is whether NewRez has a *colorable* claim to be the servicer. And as the District Court properly pointed out, allegations determine standing; an evidentiary hearing on standing is not required. *In re Basson,* 713 Fed. Appx. 987, 988, n. 1 (11th Cir. 2018) (citation omitted) ("Standing is determined based on allegations, and as a result the court was not required to conduct an evidentiary hearing to determine whether [the mortgage lender] had standing.").

NewRez has produced documents that, as Part III explains, establish on their face that it is the servicer of the loan. Ms. Banks's testimony shows without dispute that NewRez is, in fact, servicing the loan based on those documents.

The only document material to the question of NewRez's standing is the limited power of attorney. Ms. Banks testified that the document grants NewRez the authority to service the loan in question. Although the original is not before the Court, the circumstances here are sufficient to support NewRez's standing. *See In re Griffin,* 719 F.3d 1126 (9th Cir. 2013); *In re Solano,* 2019 WL 2544562 at * 2 (C.D. Cal. 2019); *see also In re Vallejo,* 2018 WL 4939469 at * 5 (B.A.P. 9th Cir. 2018) (Where declaration in support of motion for stay relief states that movant has authority to enforce note and deed of trust, stay relief is permissible even if movant does not corroborate the statement, in the absence of any evidence to the contrary.). *But see In re Veal,* 450 B.R. 897 (B.A.P. 9th Cir. 2011).

Mr. and Ms. Dees have provided nothing to indicate that NewRez is not the servicer as it claims or that the limited power of attorney does not exist. They insist that NewRez must produce originals of documents, but when pressed by the Court on why the originals of the documents are necessary and what the originals might contain, their responses have been vague, conspiratorial, and not remotely persuasive or credible. They have filed a remarkable number of Chapter 13 cases in which they have advanced multiple challenges to the validity and enforceability of the debt and security deed, but they have not properly prosecuted any of their cases by proposing a plan to deal with the debt in accordance with the provisions of Chapter 13. They have repeatedly evaded the Court's questions about payments they have made – and failed to make – on the debt.

A court in a bankruptcy proceeding must use common sense in deciding whether a real controversy exists and cannot permit even pro se litigants to insist on positions that defy it. It is noteworthy that no one else has appeared in 13 previous bankruptcy cases or in this one to collect what is now a claim of over $ 1.1 million. Mr. and Ms. Dees have not identified anyone else as the servicer or as the holder of the claim and security deed. If the proper holder of a claim is not before the Court in a chapter 13 case, a chapter 13 plan cannot deal with the claim because the debtor has not given notice of the case to the proper party.

These circumstances not only compel the conclusion that Ms. Dees and Mr. Dees have failed to raise a genuine evidentiary question with regard to standing, but also beg the question of whether their conduct is sanctionable. The Court cannot imagine that a competent, ethical attorney would dare to proceed in these repeated cases as Ms. Dees and Mr. Dees have.

It does not matter in these circumstances whether the proffered documentation is valid and enforceable. All that matters is that NewRez has documents that support its allegation that it is the servicer and establish a colorable claim to seek relief from the stay. As Part IV(A) discusses, a proceeding for stay relief is summary in nature and requires "a speedy and necessarily cursory determination of the reasonable likelihood that a creditor has a legitimate claim or lien as to a debtor's property." *See, e.g., Grella v. Salem Five Cent Sav. Bank,* 42 F.3d 26, 33-34 (1st Cir. 1994). Because NewRez's standing requires determination of nothing more than whether documentation supports its standing allegation, *i.e.,* whether its claim is colorable, evidence admissible under the Evidence Rules is not required with regard to standing.

The proposition that a party such as NewRez must produce admissible evidence to prove its standing to seek stay relief is contrary to the purpose of the Evidence Rules and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

Evidence Rule 102 instructs the Court to construe them "so as to administer every proceeding fairly, eliminate unjustifiable expense and delay, and promote the development of evidence law, to the end of ascertaining the truth and securing a just determination." Similarly, Bankruptcy Rule 1001 directs the court – and parties – to construe, administer, and employ the Bankruptcy Rules "to secure the just, speedy, and inexpensive determination of every case and proceeding."

Turning a creditor's request for stay relief into full-blown litigation over whether it has standing to enforce the rights it claims is neither a fair nor just way to proceed, and it creates, rather than eliminates, unjustifiable expense and delay.

This proceeding does not affect the substantive rights of Ms. Dees and Mr. Dees with regard to the Property.  It does not even finally determine their rights to a stay with regard to the Property in a future bankruptcy case should either of them choose to file one.  Section 362(d)(4) expressly states that, in a future bankruptcy case, they may move for relief from the grant of *in rem* relief "based upon changed circumstances or for good cause shown."

The consequences of *in rem* relief, therefore, are purely procedural.  In a future case, the burden is on them to obtain a stay, not on the creditor to obtain relief from it.

Evidentiary and due process principles otherwise applicable in litigation that affects the substantive rights of parties do not govern determination of the preliminary issue before the Court, particularly when the outcome itself has only procedural consequences in a future bankruptcy case.

Perhaps adjudication of the enforceability of the claim and of the deed to secure debt on the merits under applicable nonbankruptcy law requires admissible evidence to prove every issue in dispute, but it is an abuse of the bankruptcy process to apply that standard in the circumstances

14

of this proceeding that determines only the procedural issue of the application of the automatic stay. To the extent, if any, that Ms. Dees and Mr. Dees have any legitimate basis to dispute the debt, the security deed, or New Rez's right to service them, the grant of stay relief does not affect their ability to do so in a nonbankruptcy court of competent jurisdiction.

For all of these reasons, the Court concludes that determination of New Rez's standing does not require that the limited power of attorney or other documents be admissible under the Evidence Rules.

### V. Conclusion

The Court concludes that NewRez has shown that it has standing to seek stay relief under § 362(d)(4). The Court has previously determined that NewRez is entitled to such relief. Accordingly, it is hereby **ORDERED and ADJUDGED** as follows:

1. Pursuant to 11 U.S.C. § 362(d)(4), the automatic stay of 11 U.S.C. § 362(a) shall not apply with respect to any act against property known generally as 5167 Belmore Court, Suwanee, Georgia 30024 (the "Property") by any creditor whose claim is secured by an interest in the Property.

2. If this Order is recorded in compliance with applicable Georgia law governing notices of interests or liens in real property, this Order shall be binding in any other bankruptcy case filed within two years after the date of its entry. Specifically, if this Order is recorded as set forth above, any future bankruptcy filings within two years by Ms. Dees, Mr. Dees, or any other person claiming an interest in the Property will not stay NewRez or any other person from enforcing its state law rights and remedies with respect to the Property.

    3. NewRez or any other person is authorized to record a copy of this Order with the Clerk of the Superior Court of Gwinnett County in the land records in accordance with applicable Georgia law.

    4. To complete the record in this proceeding, and in accordance with this Order and the rulings of the Court at the hearings in this proceeding, the Court makes the following rulings:

    (a) NewRez's motion to strike [Doc. No. 147] is denied as moot.

    (b) Ms. Dees's motion to enforce the court's March 23, 2021, order and to dismiss the motion of NewRez for stay relief [Doc. No. 170] is denied.

    (c) Ms. Dees's motion to strike the affidavit of Ms. Banks [Doc. No. 179] is denied.

    (d) Ms. Dees's motion to dismiss [Doc. No. 182] is denied.

    (e) The objections of Ms. Dees and Mr. Dees to the Court's consideration of the affidavit of Ms. Dees, including written objections [Doc. No. 183 and 184] are overruled.

    (f) The "Debtor's Response and Renewed Objections to Movant's Proof of Claim", filed by Ms. Dees on June 24, 2021, almost two weeks after the hearing [Doc. No. 187], is dismissed without prejudice because this case has been dismissed and no bankruptcy purpose exists for determining any objections to the proof of claim. To the extent it is deemed to be a motion for reconsideration, it is denied because whether Ms. Dees had objected to the proof of claim is immaterial to the Court's decision in this matter, which does not require any determination on the merits of the claim.

**[End of Order]**

**Distribution List**

Joshua M. Ryden
Padgett Law Group
6267 Old Water Oak Rd.
Suite 203
Tallahassee, FL 32312

Claire Dees
5885 Cumming Hwy
Suite 108-208
Sugar Hill, GA  30518

Mark H. Dees
5167 Belmore Court
Suwanee, GA  30024

N. Whaley, Interim Ch. 13 Trustee
Suite 1600
285 Peachtree Center Ave, NE
Atlanta, GA 30303